## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **DE BRUYN PRODUCE COMPANY, a Michigan corporation,** | **Case No.:  8:11-cv-2533-T-30TGW** |
| **Plaintiff,** | |
| **vs.** | |
| **ONIONS PLUS DISTRIBUTORS OF FRESH FRUITS AND VEGETABLES, INC., Florida corporation, and MELANIE GROSSI, an individual,** | |
| **Defendants.** | |

## TEMPORARY RESTRAINING ORDER

Before this Court is Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to FRCP 65(b).  In accordance with Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if:  (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In this case, it clearly appears from the Affidavit of Rosa Alaniz that Plaintiff, De Bruyn Produce Company ("De Bruyn") is a produce dealer and trust beneficiary of Defendant, Onions Produce Distributors of Fresh Fruits and Vegetables, Inc. ("Onions Plus") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7

U.S.C. §499e(c), and has not been paid for produce in the total amount of $100,046.75 supplied to said Defendant as required by PACA.  It is also clear from the same Affidavit and the certification of counsel that Onions Plus is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation[1] and that said Defendant is not or may not be in a position to pay produce creditors' claims[2], thereby warranting the relief requested by De Bruyn.

On the basis of the pleadings, affidavit and other submissions De Bruyn has filed in this matter, De Bruyn will suffer immediate and irreparable injury due to Onion Plus' dissipation of De Bruyn's beneficial interests in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible.[3]  Entry of this Order without notice assures retention of the trust assets under the control of this Court, which is specifically vested with jurisdiction over the trust.[4]  In accordance with Rule 65(b)(2), the applicants' attorney has certified why notice should not be required.

---

[1]   Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)
[2]   JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990).
[3]   H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411.  J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989).
[4]   7 U.S.C. §499e(c)(5).

Based on the foregoing, the Court finds that De Bruyn and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

Therefore, it is by the United States District Court for the Middle District of Florida **ORDERED:**

1.      Onions Plus, its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Onions Plus, including Defendant, Melanie Grossi, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of De Bruyn, or until further order of this Court.

2.      Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Onions Plus unless Onions Plus can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.  Provided, however, Onions Plus may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Onions Plus maintains the proceeds of such sale subject to this Order.

3.      This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4.     The $94,514.75 in PACA trust assets belonging to De Bruyn and in the possession of Onions Plus will serve as De Bruyn's security for this injunction as required by FRCP 65(c).

5.     This Temporary Restraining Order is entered this 9th day of November, 2011, at 2:30 p.m.

6.     A hearing on De Bruyn's Motion for Preliminary Injunction is set for **WEDNESDAY, NOVEMBER 23, 2011, AT 2:30 P.M.** before Magistrate Judge Thomas G. Wilson in Courtroom #12A, Sam Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

7.     De Bruyn shall serve a copy of this Order and all suit papers on Defendants, by personal service, including by facsimile transmission or federal express, on or before the 14th day of November, 2011. Such service shall be deemed good and sufficient.

8.     Defendants shall file any and all responsive papers to De Bruyn's Motion on or before Monday, November 21, 2011, at 5:00 p.m.

    **DONE and ORDERED** in Tampa, Florida on November 9, 2011.


                                    _James S. Moody, Jr._
                                    JAMES S. MOODY, JR.
                                    UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2533 TRO.doc