UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DE BRUYN PRODUCE COMPANY,

       Plaintiff,

vs.

ONIONS PLUS DISTRIBUTORS OF
FRESH FRUITS AND VEGETABLES,
INC., et al.,

       Defendants.

Case No.:  8:11-cv-02533-JSM-TGW

## CONSENT INJUNCTION AND AGREED ORDER
## ESTABLISHING PACA TRUST CLAIMS PROCEDURE

WHEREAS, on November 9, 2011, De Bruyn Produce Company ("De Bruyn Produce") filed its Complaint against Defendants, Onions Plus Distributors of Fresh Fruits and Vegetables, Inc. ("Onions Plus") and Melanie Grossi ("Grossi"), seeking to enforce the trust provisions of Section 5 of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c) [DE 1].

WHEREAS, on November 9, 2011, De Bruyn Produce also filed an *Ex-Parte* Motion for Temporary Restraining Order and Motion for Issuance of Preliminary Injunction [DE 3] with supporting documents to enforce its PACA trust rights.

WHEREAS, on November 9, 2011, a Temporary Restraining Order was entered by this Court [DE 9].

      Consent Injunction and Agreed Order Establishing a PACA Claims
Procedure | Meuers Law Firm

WHEREAS, Section 5 of PACA establishes a statutory trust under which Defendants are required to hold all produce-related assets until full payment is made to the seller. 7 U.S.C. §499e(c)(2).

WHEREAS, the corpus of the trust includes all perishable agricultural commodities ("Produce"), inventories of food or other products derived from Produce, receivables or proceeds from the sale of Produce, and all inventories purchased with the funds from a commingled account.

WHEREAS, Onions Plus has ceased purchasing Produce, as defined by PACA, and is in the process of winding up its business operations.

WHEREAS, counsel for De Bruyn Produce and Defendants have conferred and reached an agreement regarding the terms of this Consent Injunction and Agreed Order Establishing PACA Claims Procedure (the "Agreed Order") to establish a framework for the orderly transfer of Onions Plus' remaining assets to its qualified PACA trust beneficiaries.

Accordingly, **IT IS HEREBY STIPULATED AND AGREED**, by and between De Bruyn Produce and Defendants as follows:

A)      Defendants do not object to the entry of an injunction upon the terms outlined in this Agreed Order, as well as any additional terms this Court deems necessary and proper to effectuate the orderly transfer of Onions Plus' remaining assets to its qualified PACA trust beneficiaries.

---

Consent Injunction and Agreed Order Establishing a PACA Claims Procedure | Meuers Law Firm

B)      Defendants recognize that De Bruyn Produce and other similarly situated, unpaid suppliers of Produce may be entitled to a beneficial interest in the single pool of Onions Plus' PACA trust assets consisting of Produce, all inventories of food or other products derived from Produce, receivables or proceeds from the sale of Produce, and all inventories purchased with the funds from a commingled account.

C)      In addition, De Bruyn Produce reserves the right to assert that other assets of Onions Plus, including without limitation, furniture, fixtures, equipment, vehicles, leases, and real property should be deemed PACA trust assets available for distribution to qualified PACA trust beneficiaries.  Defendants reserve the right to contest any such assertions.

D)      De Bruyn Produce also reserves the right to pursue any deficiency in the recovery of its claim against Grossi and third parties, if any, to whom PACA trust assets of Onions Plus may have been transferred.  Defendants reserve the right to contest any such assertions.

E)      De Bruyn Produce and Defendants reserve all rights to contest the amounts, validity, and PACA trust status of all claims asserted in conjunction with this Agreed Order, whether by De Bruyn Produce or any other similarly situated, unpaid suppliers of Produce who join this action, as well as all legal and equitable defenses to such claims.

F)      De Bruyn Produce and Defendants agree that this Agreed Order is reasonable and necessary to:

1. Identify the qualified PACA trust beneficiaries of Onions Plus;

2. Determine the amounts and validity of PACA trust claims held by each such beneficiary;

3. Provide a framework for the orderly liquidation and transfer of Onions Plus' PACA trust assets to the beneficiaries;

4. Maximize the recovery for each PACA trust beneficiary and, consequently, minimize the potential personal liability of Grossi and any third parties who may have received PACA trust assets; and,

5. Ensure that the rights of all potential beneficiaries and the rights of Defendants are efficiently addressed in a single proceeding with the expense of administering multiple separate actions regarding Onions Plus' statutory obligations to all such beneficiaries.

G)    It is the intention of De Bruyn Produce and Defendants that the costs and expenses of liquidating the assets of Onions Plus will be payable from the PACA Trust Account, as defined below, and that said expenses are necessary and reasonable to collect and distribute the PACA trust assets.

H)    This Agreed Order may be executed in any number of counterparts with the same effect as if all signatories had signed the same document. All counterparts must be construed as constituting one document.

Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

## I.      CONSENT INJUNCTION

1.      Pursuant to Fed. R. Civ. P. 65, this Agreed Order is binding upon the parties to this action, their officers, directors, agents, employees, independent contractors, banks, and/or attorneys and all other persons or entities who receive actual notice of the entry of this Agreed Order.  Actual notice includes, without limitation, receipt of a copy of this Agreed Order by personal service, U.S. mail, facsimile and overnight currier.  Such service will be deemed good and sufficient.

2.      Within five (5) business days of entry of this Agreed Order, Defendants are hereby directed to serve by U.S. Mail a copy on all financial institutions with which Onions Plus conducts business, or any person or entity who may be holding assets for or on behalf of it.

3.      Considering the agreement reached between De Bruyn Produce and Defendants, the remedial nature of PACA, and in recognition of the fact that the Defendants are currently in possession of the PACA trust assets at issue, the Court hereby finds good cause to set the bond in this matter at $0.00.

## II.      ESTABLISHMENT OF A PACA TRUST ACCOUNT

4.      Within ten (10) business days after the date on which this Agreed Order is entered, counsel for De Bruyn Produce will establish an escrow account at a federally insured financial institution entitled "Onions Plus PACA Trust Account" (the "PACA Trust Account").  The only person(s) with signing authority to write checks, make withdrawals, etc., on the account will be counsel for De Bruyn Produce.

Consent Injunction and Agreed Order Establishing a PACA Claims Procedure | Meuers Law Firm

5.     Counsel for De Bruyn Produce shall not authorize distributions or withdrawals from the PACA Trust Account without a written stipulation with counsel for Defendants, or an Order from this Court.

6.     The PACA Trust Account is for the benefit of all PACA trust beneficiaries of Onions Plus and is not be subject to execution, levy, or attachment by any creditor without further order of this Court.

7.     Any and all interest that accrues on the funds in the PACA Trust Account from the date the account is opened to the date of final distribution will be distributed to the party or parties deemed entitled to such funds on the same *pro-rata* basis as is described in section IV, below.

### III.     LIQUIDATION OF THE ASSETS

8.     Defendants will provide a detailed listing of all outstanding accounts receivable (the "Receivables"), accounts payable, and all other assets held in the name of Onions Plus to De Bruyn Produce's counsel within five (5) business days of the date of the entry of this Agreed Order.

9.     Defendants must maintain the integrity and security of Onions Plus' financial records, including accounts payable and receivable.

10.     Defendants shall provide counsel for De Bruyn Produce a detailed listing of all of Onions Plus' cash, checks, deposits or other monies ("Funds") in their possession or control within five (5) business days of the date of this Agreed Order.

11.     All financial institutions in which Onions Plus has funds on deposit and any other person or entity that may be in possession of Onions Plus' assets must, upon receipt of actual notice of this Agreed Order, promptly account for and turn over all such funds and assets to counsel for De Bruyn Produce, who will then promptly deposit the funds and assets into the PACA Trust Account.

12.     All persons and businesses that have purchased Produce from Onions Plus and remain indebted to Onions Plus for those purchases, must issue  payment to counsel for De Bruyn Produce, who will then promptly deposit the money into the PACA Trust Account.

13.     All PACA trust beneficiaries of Onions Plus will share the burden of the costs and expenses incurred in administering the trust on the same *pro-rata* basis as is described in section IV, below.   Upon application, the Court will determine whether and to what extent payment of reasonable compensation should be made to counsel for De Bruyn Produce for performing the duties set forth in this Agreed Order.

### III.     PACA CLAIMS PROCEDURE

14.     All qualified PACA trust beneficiaries of Onions Plus have the right to share *pro-rata* with De Bruyn Produce in any PACA trust assets distributed pursuant to this Agreed Order.

15.     In order to promote the efficient administration of justice and finality of any ultimate distribution of PACA trust assets in this case, all persons or entities claiming an interest in the PACA trust assets are hereby required to intervene in this

action before the established bar date in order to (i) avoid duplicate actions, (ii) define the class of PACA trust beneficiaries, (iii) establish a method to determine the validity and amount of their claims, and (iv) share in any distribution of PACA trust assets recovered.

16.    All persons or entities having an unpaid invoice for the sale of Produce to Onions Plus, or who otherwise claim to be a PACA trust beneficiary of Onions Plus, are hereby granted leave to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure and, upon such intervention, each such entity will be bound by all Orders entered in this case.

17.    All subsequent actions in any other court or forum by any unpaid seller of Produce to Onions Plus are hereby barred, pending further order of this Court.  All persons or entities having unsatisfied claims against Onions Plus, its officers or employees, arising under or relating to PACA have the right to seek recovery solely in this action by following the procedures set forth in this Agreed Order.

18.    Within 30 days after the date of this Agreed Order, counsel for De Bruyn Produce will  issue a written notice substantially similar in form to the Notice attached to this Agreed Order (the "Notice"), to each of Onions Plus' known Produce creditors. If the entity is a party herein, or if a notice of appearance has been filed on its behalf in this action, the Notice will be sent to the attorney of record.  The Notice will be accompanied by a copy of this Agreed Order and will be sent via certified mail with

return receipt requested, facsimile, or any equally verifiable means to prove delivery upon the recipient.

19.    The Notice will be structured on the following schedule:

| EVENT | | DEADLINE |
|---|---|---|
| **Deadline to File Complaint in Intervention and PACA Proof of Claim** | - | **60 days after entry of Agreed Order** |
| **Objections to PACA Proofs of Claim** | - | **21 days after deadline to file Complaint and Proof of Claim** |
| **Responses to Claims Objections** | - | **14 days after deadline to file objections** |
| **Deadline to File PACA Trust Chart** | - | **14 days after deadline to file responses to objections** |
| **Deadline to Object to PACA Trust Chart** | - | **7 days after deadline to file PACA trust chart** |
| **Deadline for First Interim Distribution of Assets** | - | **14 days after deadline to object to PACA trust chart** |

20.    On or before the "Deadline to File Complaint in Intervention and PACA Proof of Claim" set forth in ¶19, each unpaid supplier of Produce to Onions Plus or other claimant alleging rights under the PACA trust will file with the Clerk of the Court for this District a completed PACA Proof of Claim form substantially similar to the Proof of Claim form attached to this Agreed Order, and any and all documents supporting its claim, together with a Complaint in Intervention complying with Federal

Rule of Civil Procedure 8(a), and serve the PACA Proof of Claim and Complaint in

Intervention on the following:

Steven E. Nurenberg                         Wesley D. Tibbals
**MEUERS LAW FIRM, P.L.**                   **AKERMAN SENTERFITT**
5395 Park Central Court                     401 E. Jackson Street, Suite 1700
Naples, Florida 34109-5932                  Tampa, Florida 33602
snurenberg@meuerslawfirm.com                wesley.tibbals@akerman.com

Jason R. Klinowski
**FREEBORN & PETERS, LLP**
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
jklinowski@freebornpeters.com

21.     Service under ¶20 will be accomplished by personal service, courier,

overnight delivery or United States first class mail, postage pre-paid. Service is also

permitted to be made pursuant to Fed.R.Civ.P. 5(b)(2)(D) via e-mail, provided that if

service is effectuated via e-mail, a copy of the document will also be served via U.S.

Mail on the date of e-mail service, and service via e-mail will be made to the e-mail

addresses identified above. All filings must be accompanied by a Certificate of Service.

Any claims not timely filed with the Proof of Claim in accordance with this Paragraph

will be inadmissible at any evidentiary proceeding or trial conducted in this

proceeding. This requirement does not apply to documents relied upon by a PACA

claimant to rebut an objection to its claim.

22.     After having intervened and filed a Proof of Claim, each such person or

entity will be bound by all Orders entered in this case.

---

23.     Any supplier or creditor who fails to timely file such Complaint in Intervention and Proof of Claim with the Court and serve counsel identified in ¶20, is forever barred from thereafter asserting any claim against Onions Plus, its officers, or employees under the PACA trust provisions for non-payment of Produce sold, whether in this Court or any other forum. Each PACA Proof of Claim must be verified by either an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

24.     Any party wishing to review or copy any document may make arrangements with the Clerk of the Court or Counsel listed in ¶20 to view the document or arrange for copying at the requesting party's expense.

25.     Any objections to any PACA claims must be filed with the Clerk of the Court and served upon all counsel identified in ¶20, as well as the PACA claimant whose claim is the subject of the objection. Any and all such objections must be filed and served on or before the "Objection Deadline" set forth in ¶19 of this Agreed Order. The objection must set forth, in detail, the legal and factual basis for the objection to each invoice, or the payment thereof ("Valid Objection").

26.     On or before the "Response Deadline" set forth in ¶19 of this Agreed Order, any PACA claimant whose claim is subject to a Valid Objection may file with the Court a detailed response to any Valid Objection received, and serve all counsel identified in ¶20, as well as counsel for the objecting party. A claim will be disallowed

if a Valid Objection is timely filed and the claimant fails to file and serve a timely response.

27.     Any PACA claim listed on a Proof of Claim, to which no Valid Objection has been filed and served prior to the Objection Deadline, will be deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim. If a PACA claim is subject to a timely filed and served Valid Objection as to only a part of the claimed amount, that claim will be deemed a valid PACA trust claim only to the extent it is not subject to the timely filed and served Valid Objection.

28.     The claimant and the objecting party will thereafter exercise their best efforts to resolve any Valid Objections. In the event the claimant and the objecting party are unable to resolve such dispute or the Valid Objection is not withdrawn, the claimant will file a motion for determination of the validity of the disputed claims, accompanied by a brief.

29.     On or before the "Deadline to File PACA Trust Chart" set forth in ¶19 of this Agreed Order, counsel for De Bruyn Produce will prepare, file with the Court, and serve upon all counsel of record, and any *pro se* entities that filed a PACA Proof of Claim and Complaint in Intervention, a chart listing each person or entity having filed a verified PACA Proof of Claim and Complaint in Intervention; the amount of its claim as set forth on the Proof of Claim; the amount which is deemed valid due to no Valid Objections being filed; the amount which is deemed invalid due to no response to the Valid Objection being filed; the amount, if any, subject to a pending Valid Objection;

---

Consent Injunction and Agreed Order Establishing a PACA Claims Procedure | Meuers Law Firm

and the amount of any Valid Objection that was resolved by settlement (the "PACA Trust Chart"). The PACA Trust Chart must also list the funds available for an immediate distribution equal to the funds on deposit at the time in the PACA Trust Account ("Available Funds"). The PACA Trust Chart must list the pro-rata distribution of the Available Funds to the undisputed and disputed claims, and allow for a reserve in the event all pending Valid Objections are overruled.

30.     Absent timely, valid objections, counsel for De Bruyn Produce will make an interim distribution of the Available Funds on or before the "Interim Distribution Deadline" set forth in ¶19 of this Agreed Order, to be paid *pro-rata* to the holders of undisputed claims listed on the PACA Trust Chart. Counsel for De Bruyn Produce may transfer funds from the PACA Trust Account to the Meuers Law Firm, P.L. client trust account in the amount of the distribution. Counsel for De Bruyn Produce will make the distribution on a *pro-rata* basis and allow for a reserve, with all percentages based upon the total in the PACA Trust Account and determined as though all pending Valid Objections would be overruled. Claimants' percentages subject to pending Valid Objections will be maintained in reserve in the PACA Trust Account. Counsel for De Bruyn Produce will make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution will be made in one lump sum in the aggregate amount of all distributions for that attorney's clients. Each attorney has the duty to then distribute the funds to

their client(s) in accordance with the PACA Trust Chart, subject to any contrary agreement among the attorney and his clients.

31.     The *pro-rata* portion of any claims subject to an unresolved objection, to the extent of the objection only, will be held in the PACA Trust Account until such time as the Valid Objections to such claims are resolved, in which case the reserve portion is either used to make the *pro-rata* distribution to the claim if the claimant prevails, or is made available for distribution to other valid claimants if the objecting party prevails. Counsel for De Bruyn Produce will adjust all valid claimants' percentage shares and distributions after the resolution of these disputed claims, but before any subsequent distributions. The total amount distributed to each valid claimant, including all prior interim and subsequent distributions, will reflect the claimants' percentage shares after the resolution of Valid Objections. Any timely and valid objections to the PACA Trust Chart will be resolved between the parties or submitted to the Court on motion for ruling.

32.     Counsel for De Bruyn Produce will use the same procedure to make subsequent distributions. Counsel for De Bruyn Produce will file and serve a PACA Trust Chart upon counsel identified in ¶20 of this Agreed Order and who file an appearance with the Court. All parties have seven (7) days from service of the PACA Trust Chart to file and serve timely, valid objections to the PACA Trust Chart. Absent timely, valid objections, Counsel for De Bruyn Produce is authorized to make the distribution set forth in the PACA Trust Chart.

33.     After all distributions to valid PACA beneficiaries are made and all reasonable compensation, if any, is paid to counsel for De Bruyn Produce, if any funds remain in the PACA Trust Account, such funds shall be promptly distributed to Onions Plus.

## IV.    PROCEDURAL ISSUES

34.     This Court will exercise exclusive in rem jurisdiction over this action and the PACA trust assets pursuant to this Agreed Order.  The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this Agreed Order.

35.     Since the initial disclosures and discovery are in part being provided for in this Order, the parties are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure until the "Interim Distribution Deadline" set forth in ¶19 of this Agreed Order.  At that time, the Court will set a scheduling conference.

36.     Counsel for De Bruyn Produce will have no responsibility or obligation to any person or entity with respect to the PACA Trust Account, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Agreed Order.  Counsel for De Bruyn Produce may rely upon and will be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Onions Plus's books and records) reasonably believed by counsel for De Bruyn Produce to be genuine and to have been signed or presented by the proper party or parties, or their counsel.

Consent Injunction and Agreed Order Establishing a PACA Claims Procedure | Meuers Law Firm

37.     Counsel for De Bruyn Produce has no duty or liability to verify any such statement, certificate, notice, request, consent, order or document; will not be liable for any mistake of fact or error or judgment, or for any act done or omitted in good faith as required or permitted by this or other Orders of this Court; and, will be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

DONE and ORDERED, this _____ 6 _____ day of _____ Dec. _____, 2011 at Tampa, Florida.

_____
Honorable James S. Moody, Jr.
United States District Court Judge

STIPULATED BY THE PARTIES.

/s/ Steven E. Nurenberg
Steven E. Nurenberg
Florida Bar No. 0808431
Steven M. De Falco
Florida Bar No. 0733571
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL 34109-5932
Telephone: 239-513-9191
Facsimile: 239-513-9677
snurenberg@meuerslawfirm.com
sdefalco@meuerslawfirm.com

*Attorneys for Plaintiff*

/s/ Wesley D. Tibbals
Wesley D. Tibbals
Florida Bar No. 0163880
Akerman Senterfitt
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: 813-223-7333
Facsimile: 813-218-5437
wesley.tibbals@akerman.com

*Attorneys for Defendants*